### THE STATE v. H. M. SMITH.

1. INDICTMENT—FALSE SWEARING.—An indictment for false swearing before a justice of the peace acting as assessor is insufficient, which fails to state that the accused resided or had property in the justice's precinct, or that he had been called upon to render his property for taxes, or to render to the justice as assessor a list of his property which should be full, or had been sworn to answer such questions as should be put to him by the justice, and had made such false statement in answer to a question so put to him.
2. SAME.—See an indictment for false swearing in rendering property for taxation under the tax laws in force in July, 1872, held insufficient.

APPEAL from Jasper. Tried below before the Hon. H. C. Pedigo.

Smith was indicted for false swearing. The indictment charged, " That H. M. Smith, on the 20th day of January, A. D. 1872, in the county of Jasper and State of Texas, wickedly, willfully, feloniously and corruptly, deliberately and voluntarily, did take his certain corporeal oath before John Hamilton, a justice of the peace in and for precinct No. 2 of Jasper county, the said John Hamilton being then and there a person authorized by law to administer such corporeal oath to said H. M. Smith, and said corporeal oath then and there being required by law for the purpose of assessing the taxes due the State of Texas upon the prop-

erty belonging to said H. M. Smith on the first day of January, A. D. 1872, for the year 1872, the said John Hamilton being then and there assessor of taxes for pre-cinct No. 2 of Jasper county, Texas, and authorized and required by law to administer said corporeal oath to said H. M. Smith, for the purpose of assessing the taxes due by said H. M. Smith to the State of Texas upon property owned by said H. M. Smith on the said first day of January, A. D. 1872, and said H. M. Smith, then and there hav-ing taken his said certain corporeal oath as aforesaid, did wickedly, willfully, feloniously, deliberately, corruptly, and falsely depose and swear that he, the said H. M. Smith, on the first day of January, A. D. 1872, owned, had, and pos-sessed but twelve head of cattle, and that he did not own more than twelve head of cattle, and that twelve head of cattle was the number of cattle owned and possessed by him, the said H. M. Smith, on the said first day of Janu-ary, A. D. 1872, when in truth and in fact the number of cattle owned and possessed by and belonging to the said H. M. Smith on the first day of January, A. D. 1872, was a much larger number of cattle than twelve head, and when in truth and in fact the said H. M. Smith well knew that on the said first day of January, 1872, he owned and possessed a much larger number of cattle than twelve head," &c.

Exceptions to the indictment were sustained, and the district attorney appealed.

(No briefs came to the reporters.)

MOORE, ASSOCIATE JUSTICE.—The indictment in this case is predicated upon an alleged false statement made under an oath administered by John Hamilton, a justice of peace in and for Precinct No. 2 of Jasper county, who, it is alleged, was the assessor of taxes for said precinct, and authorized and required by law to administer said oath for the purpose of assessing and collecting the taxes due by H. M. Smith, the appellant, to the State.

To procure the proper assessment of all property chargeable with taxes it was the duty of the justices of the peace, or their agents, at the date of the alleged false oath charged in this indictment, to call upon every person in their respective precincts required by law to give a list of their property and its value liable to taxation, and to administer to the person so liable for taxes an oath that the inventory about to be rendered shall embrace a full and complete list of all property owned by him, or the person, firm, or corporation for which he is acting as agent, or held by him for others, within the limits of the precinct, and that he will true answers make to all questions which may be put to him concerning the same. (See Paschal's Dig., arts. 7526–7550, 7566–7668.)

These sections from laws upon the subject of taxes in force at the date of the offense charged in the indictment indicate the extent of authority conferred upon the justices of the peace for administering oaths to parties concerning property owned by them liable to taxation. The alleged false oath with which appellant is charged in this indictment is not shown to be such an oath as the justice of the peace was thereby authorized and required to administer to him. So far as can be inferred from the indictment, the alleged perjury is predicated upon a mere statement under oath before the justice that he owned but twelve head of cattle. It is not shown that appellant resided or had cattle or other property in said precinct for which said Hamilton was justice of the peace; that he had been called upon to render his property for taxes or to make or give to the assessor an inventory or list of his property, which should be full and complete; or that he had been sworn to answer such questions as should be put to him by the justice, and had made such alleged false statement in answer to a question so put to him. It is alleged in the indictment that appellant owned more than the number of cattle stated by him. But an indictment for perjury cannot be

predicated upon such false statement, unless it was his duty to have returned such other cattle to the justice for assessment. Yet it is not alleged that the other cattle which it is said he owned were subject to assessment by said justice where they are so owned and held, or even that they are within the limits of the State of Texas.

There is no error in the judgment, and it is affirmed.

AFFIRMED.